Charles R. Thom, J.
This is a proceeding under CPLR article 78 in which petitioner seeks to annul a decision of the respondent, Commissioner of the Department of Social Services for the State of New York ("State”), which decision, after a fair hearing, (1) upheld a determination of the respondent, Commissioner of the Department of Social Services for the County of Suffolk ("County”), that petitioner’s two children had been maltreated, and (2) denied petitioner’s request that the report of maltreatment in the central register be expunged.
On or about December 13, 1974, petitioner became the subject of a report of maltreatment of her two children, one and two years of age, which report was recorded on December 26, 1974. A determination was made by the County that maltreatment was "indicated” (Social Services Law, § 412, subd 6) and a report was forwarded to the central register and was duly recorded. On or about July 5, 1975, petitioner requested a fair hearing to review the determination and to have the report expunged, from the central register. The hearing was held on August 13, 1975, and by decision dated March 2, 1976, the State upheld the determination of the County and denied petitioner’s request to have the "indicated report” expunged from the record of the State register.
Subdivision 2 of section 412 of the Social Services Law provides that a "maltreated child” includes a child under 18 *489 years of age that is defined as a neglected child under the Family Court Act. Subdivision (f) of section 1012 of the Family Court Act, reads as follows:
"(f) 'Neglected child’ means a child less than eighteen years of age
"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care "(A) in supplying the child with adequate food, clothing, shelter or education in accordance with the provisions of part one of article sixty-five of the education law, or medical, dental, optometrical or surgical care, though financially able to do so or offered financial or other reasonable means to do so; or
"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by using a drug or drugs; or by using alcoholic beverages to the extent that he loses self-control of his actions; or by any other acts of a similarly serious nature requiring the aid of the court; or
"(ii) who has been abandoned by his parents or other person legally responsible for his care.”
Subdivision 6 of section 412 of the Social Services Law states that an "indicated report” means a report made pursuant to an investigation that determines that "some credible evidence” of the alleged maltreatment exists. Unless an investigation of a report determines that there is some evidence of the alleged maltreatment, all information identifying the subject of the report shall be expunged from the central register forthwith. (Social Services Law, § 422, subd 5). The subject of the report is entitled to a fair hearing to determine whether the report should be amended or expunged on the grounds that the record is inaccurate or being maintained in a manner inconsistent with title 6 of the Social Services Law, and the burden of proof at the hearing was upon the State and County. (Social Services Law, § 422, subd 8).
At a hearing held on August 13, 1975, the State introduced into evidence, as separate exhibits, five reports received by the central register. Gerald Reff, Esquire, representing the State advised the hearing officer that: "I would like to put on the *490 record the State Register only receives these reports. The County is the one who does the investigation. The State Register personnel do not have personal knowledge of facts contained in the Register.” The County introduced into evidence, two field reports dated December 13, 1974 of the Suffolk County Police Department. No witnesses were called on behalf of the State or County.
Petitioner testified that on the afternoon of December 13, 1974, she left the two children for no more than one-half hour while petitioner went to a nearby supermarket. The children were asleep when she left, one child in a crib and the other in a high chair. When she returned one child was still asleep and the other was awake. The police were at the residence, and petitioner stated that she had never left the children alone before and would not leave them alone again. Petitioner denied leaving the children alone on the morning of December 13, 1974, and testified that she had gone out that morning and took the children with her.
Respondents’ exhibits indicate that the police were called by a neighbor on the morning of December 13, 1974, but when the police arrived, petitioner and the children were at home. The same neighbor again called the police on the afternoon of December 13, 1974, which is the only time petitioner admitted leaving the children alone. The two field reports of the Suffolk County Police Department were both in response to calls by a neighbor, identified as Diane Steffens. The first report dated December 24, 1974, lists as complainant, Diane Steffens, who is listed in the central register report dated December 24, 1974 as a certified day care mother for the County. The information furnished by Diane Steffens to the County indicated that petitioner left the children on the morning and again on the afternoon of December 13, 1974, and that petitioner "has left the children unattended on several occasions.” The other four reports introduced in evidence all relate to the alleged events of December 13, 1974, and indicate that the only incident which could be substantiated was that to which petitioner admitted, i.e., leaving the children for approximately one-half hour on the afternoon of December 13, 1974.
Although administrative hearings are not limited by strict rules of evidence, hearsay evidence alone is not sufficient upon which to base an administrative determination. There must be a residuum of legal evidence or some evidence of some proba *491 tive value to support an administrative determination. (Matter of William H Van Vleck Inc. v Klein, 50 Misc 2d 622). More than a "mere scintilla” of evidence is required to sustain an administrative determination (Wilson v Levine, 47 AD2d 964). A reasonable opportunity to test and controvert adverse evidence is an essential element of a fair hearing before an administrative officer. (Matter of Erdman v Ingraham, 28 AD2d 5.) Admission into evidence of rank hearsay on the business records exception (CPLR 4518, subd [a]) does not satisfy minimum standards of fairness. (Matter of Del Valle v Sugarman, 44 AD23 523.) Hearsay evidence requires corroboration, and hearsay added to hearsay is not corroboration. (4 Bender’s NY Law and Proof, § 296.)
The court finds that the report dated December 24, 1974 and the first of the two field reports of the Suffolk County Police Department dated December 13, 1974 have no probative value whatsoever and constitute hearsay statements based upon hearsay information furnished by Diane Steffens, who was not called as a witness, and who apparently was under the control of the County since she was known to the County as a certified day care mother. The other four reports and the second field report of the Suffolk County Police Department, indicate that petitioner left the two children unattended on the afternoon of December 13, 1974, the source of this information being petitioner herself, and at the hearing she admitted to leaving the children unattended for approximately one-half hour while she went to a nearby supermarket, and that she had never left the children unattended before.
In order to fall within the definition of a "maltreated child” (Social Services Law, § 412, subd 2), reference is made therein to a neglected child as defined by the Family Court Act. (Family Ct Act, § 1012, subd [f]). The court finds that evidence of a single isolated incident such as is presented in this case does not fall within the definition of a neglected child under the Family Court Act. Not having satisfied the definition of "maltreatment” in the first instance, a finding of "some credible evidence” of maltreatment cannot be sustained. The court further finds that the decision dated March 2, 1976 was in error in holding that there was some credible evidence that petitioner had left the children unattended on the morning of December 13, 1974 and that petitioner neglected her two children.
Judgment is awarded in favor of the petitioner annulling *492 the decision of the respondent State dated March 2, 1976 and directing the respondent State to expunge the report of maltreatment in the central register.