■ In the Matter of EDWARD D. LANE, Doing Business as LANE'S WINES & SPIRITS, Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. (Proceeding No. 1.) In the Matter of EDWARD D. LANE, Doing Business as LANE'S FAST FOODS, Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. (Proceeding No. 2.)—Yesawich, Jr., J. Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court, entered in Broome County) to review two determinations of respondent which suspended petitioner's licenses and imposed bond claims.

Petitioner, doing business in two different capacities, that of a liquor store and a fast food establishment, seeks an order annulling respondent's determinations suspending petitioner's retail liquor store license for 40 days, 25 days to be served forthwith and 15 days to be deferred, and suspending petitioner's eating place beer license 20 days, of which 15 days were to be served forthwith and the remainder to be deferred; in each determination a bond forfeiture in the amount of $1,000 was also directed.

In the first proceeding, respondent, after a hearing, found petitioner violated the Alcoholic Beverage Control Law in that he sold alcoholic beverages to a minor (Alcoholic Beverage

Control Law § 65 [1]), sold bottles of alcohol on credit (Alcoholic Beverage Control Law § 100 [5]) and delivered alcoholic beverages for resale (Alcoholic Beverage Control Law § 105 [12]). Petitioner maintains that respondent's findings are not supported by substantial evidence.

With respect to the charge that petitioner violated Alcoholic Beverage Control Law § 65 (1), respondent's proof consisted of testimony from the minor that he entered petitioner's liquor store and purchased three pint bottles of rum; that petitioner's employee neither requested nor required proof of age prior to the purchase; and that the boy was 17 years of age at the time. This testimony was corroborated by three other witnesses, including the minor's 16-year-old companion, who testified that after traveling to the liquor store with an intent to purchase rum, he observed his friend enter the store empty handed and return with the rum. Additional corroboration came from two police officers who investigated the incident.

The fact that the minor making the purchase was unable to identify the sales clerk who handled the transaction does not preclude a finding of liability for his testimony was unequivocal as to that which was essential, the establishment of a nexus between the purchase he made and the licensee's premises *(see, Matter of Feldman v State Liq. Auth.,* 54 AD2d 1134). In our view, respondent's determination that Alcoholic Beverage Control Law § 65 (1) had been violated is clearly supported by substantial evidence *(see, Matter of Cumberland Farms Food Stores v State Liq. Auth.,* 86 AD2d 742, *lv denied* 56 NY2d 504).*

We reach the same conclusion with respect to the charged violations of Alcoholic Beverage Control Law § 100 (5) and § 105 (12). As to the former, the uncontroverted testimony of the manager and bartender at a tavern across the street from the liquor store, that he bought liquor on credit from the store pursuant to a verbal agreement he had entered into with petitioner, was, without more, sufficient to establish this violation *(see, Matter of Stork Rest. v Boland,* 282 NY 256, 274).

While the testimony bearing on the resale violation (Alcoholic Beverage Control Law § 105 [12]), is far from compelling,

---

* Our decision in *Cumberland* as reported was factually incorrect and has since been changed to read: "Bartholf was at all times on the side of the store away from the entrance which was in the front of the store, and he could *not* observe if anyone actually entered the store from that location" *(supra,* at 742 [emphasis supplied]). Thus, contrary to petitioner's assertion, *Cumberland* does not stand for the proposition that respondent was required to produce additional eyewitness testimony.

given that petitioner had directly entered into a continuing arrangement, unfailingly and unquestioningly honored by his store clerk, to sell the manager liquor on credit while the latter was employed at a nearby tavern; that the manager testified that the purchases were made on those occasions when the tavern did not have brands of alcohol on hand necessary to service its customers; and that petitioner failed to testify or present any evidence denying or explaining away the manager's testimony, it is nevertheless fairly inferable that petitioner knew the purchases were made for the benefit of the tavern and that the liquor was being provided for resale to the tavern's patrons.

In the second proceeding petitioner, with respect to his fast food establishment, was also found to have violated Alcoholic Beverage Control Law § 65 (1) in that two six-packs of beer were sold to a 17 year old. Petitioner again claims that this determination was not supported by substantial evidence. However, testimony establishing and corroborating this violation went unrebutted. And inasmuch as the strict rules of evidence do not apply to this proceeding (see, 9 NYCRR 52.8 [a]), the evidentiary objection registered at the hearing and pressed on this appeal, that there was insufficient evidence that the purchaser was indeed a minor because his age was established by his own testimony and a copy of a hospital record rather than a properly authenticated official document, is of no moment (see, Koester v Rochester Candy Works, 194 NY 92, 94-95).

The breadth of the instant violations and petitioner's record as a licensee, which includes several warnings and a previously imposed penalty for violating Alcoholic Beverage Control Law § 65 (1), prompts us to also reject petitioner's contention that the penalties imposed were excessive.

Determinations confirmed, and petitions dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey JJ., concur.