■ In the Matter of CULLIGAN'S PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated April 18, 1989, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 65 (1) by selling an alcoholic beverage to a minor and suspended its on-premises liquor license for a period of 15 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The determination of the respondent New York State Liquor Authority, adopting the findings of the Hearing Officer which credited the testimony of the witnesses that the petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling alcoholic beverages to a minor is supported by substantial evidence. The petitioner's contention that there was insufficient evidence that the person who purchased the alcoholic beverage was a minor because his age was established by his own testimony rather than by an official document is without merit. The courts of this State generally permit a witness to testify to his own age, even though that testimony is based essentially on hearsay evidence, upon the theory that it is common knowledge in the family *(see, Koester v Rochester Candy Works,* 194 NY 92, 97; *Matter of 36 W. Main v New York State Liq. Auth.,* 285 App Div 756, 757-758; *see generally,* Richardson, Evidence §§ 319, 329, 364 [k] [Prince 10th ed]). Moreover, the strict rules of evidence do not apply to administrative proceedings and, thus, hearsay evidence is admissible in such proceedings *(see, e.g., Matter of Harry's Chenango Wines & Liq. v State Liq. Auth.,* 158 AD2d 804; *Matter of Lane v State of New York Liq. Auth.,* 127 AD2d 922, 924). The evidence establishing the minor's age was unrebutted and presented a question of credibility. This court will not substitute its own judgment for that of an administrative agency on the question of credibility *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of Ahsaf v Nyquist,* 37 NY2d 182).

The evidence adduced at the administrative hearing established that the petitioner's bartender sold and delivered two pitchers of beer to a group of four males including the minor and that, upon request, the bartender produced five glasses which the minor took to a table situated seven or eight feet from the bar and of which the bartender had an unobstructed

view. The minor and his four companions each poured themselves a glass of beer at the table. The petitioner's premises was not crowded on the night in question. The record further indicates that the bartender served the beer without asking the minor or any of his companions for identification. Under these circumstances, the evidence was sufficient to support the State Liquor Authority's conclusion that the petitioner's illegal conduct was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" *(Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856; *see, Matter of Al Ronick, Inc. v New York State Liq. Auth.,* 157 AD2d 656; *Matter of Austin Lemontree v New York State Liq. Auth.,* 147 AD2d 476, 477, *affd* 74 NY2d 869).

Additionally, the penalty imposed, a 15-day suspension of the petitioner's on-premises liquor license, is not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Austin Lemontree v New York State Liq. Auth., supra).* Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.