OPINION OF THE COURT
Adam Seiden, J.
*1021 The defendant, charged with endangering the welfare of a child, moves to dismiss the accusatory instrument as jurisdictionally defective, and on speedy trial grounds.
The superseding information charges the defendant with endangering the welfare of a child in that defendant left "a young girl who appeared to be 6 years of age, alone at home without adult supervision causing said child to cry and to call the police to report that she was alone in her house.” According to the supporting deposition of Sergeant McKinney, on the date of the incident, police units were dispatched to the child’s home at 2:18 a.m., at which time they transported her to police headquarters. The defendant retrieved the child from police headquarters at approximately 3:15 or 3:30 a.m.*
The court agrees with the defendant’s assertion that the facts alleged in the information do not support the crime of endangering the welfare of a child. One is guilty of the crime of endangering the welfare of a child when "[h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old” (Penal Law § 260.10 [1]). Leaving a child as young as six years of age at home alone, even for the roughly one-hour time period alleged in the information, does not evidence good parenting skills, and it is not a practice that this court agrees should be used with children of this age. However, the court nevertheless finds that the sole fact of leaving a six-year-old child at home alone for one hour during the night does not rise to the level of criminal activity on the part of the defendant (see, People v Mantley, NYLJ, June 2, 1994, at 30, col 4 [Crim Ct, Richmond County] [seven year old left alone for a few hours in an extremely messy environment — motion to dismiss information charging endangering the welfare of a child granted]; Matter of Augustine v Berger, 88 Misc 2d 487 [Sup Ct, Suffolk County 1976] [mother’s one time leaving children aged one and two years at home alone for a half hour did not constitute neglect]).
Moreover, the information fails to set forth nonhearsay allegations to establish the child’s age, stating only that she "appeared” to be six years old. No further allegations are made within the information to indicate that the child in this instance was put at risk by other conditions present in her *1022 environment. For all the foregoing reasons, the information is dismissed as jurisdictionally defective.
In addition, since the original misdemeanor complaint was filed on March 14, 1997, well over 90 days have elapsed from the filing of the original accusatory instrument (People v Sinistaj, 67 NY2d 236 [1986]). Thus, since the People have not provided a jurisdictionally sufficient accusatory instrument to date, this matter must also be dismissed on speedy trial grounds (CPL 30.30; People v Caussade, 162 AD2d 4 [2d Dept 1990]).

 Although based on the supporting deposition of Sergeant McKinney stating otherwise, the information states that the defendant reported to Mount Vernon police headquarters at 4:00 a.m.