OPINION OF THE COURT
Diane Kiesel, J.
The question before this court is whether the People have effectively corroborated the ages of child informants in a criminal complaint alleging two counts of endangering the welfare of a child where the only evidence of the children’s ages is a blanket assertion of their dates of birth. The answer is no.
The defendant, Maria Mercado, is currently charged with two counts of endangering the welfare of a child in violation of Penal Law § 260.10 (1). It is alleged that on October 14, 1999, the defendant was raising two children in a filthy apartment, *41 infested with garbage and vermin, and that the children had numerous bruises about their bodies.
The defendant was arraigned on October 15, 1999, and at that time charged with two counts of assault in the third degree, in violation of Penal Law § 120.00 (1), in addition to the counts of endangering. The matter was adjourned to the CPL 170.70 date of October 19, 1999, for a corroborating affidavit from one of the children allegedly assaulted. The defendant was released from custody on that date because the People failed to convert the complaint to an information.
On November 4, 1999, the People filed a superceding complaint dismissing the assault charges. However, they sought an adjournment to file a supporting deposition, to corroborate the allegation in the new complaint that the defendant struck one of the children with a belt. On November 19, the People moved to strike the paragraph of the superceding complaint alleging that the defendant had struck the child and asked that the remaining portion of the accusatory instrument be deemed an information. At that time, counsel for the defendant objected, arguing that the ages of the children listed in the complaint were based on hearsay. This court deemed the complaint an information, without prejudice to the defendant to move for reconsideration. Accordingly, a motion schedule was set to allow the parties to present written arguments about the issue of age corroboration.
The factual portion of the accusatory instrument now reads that on or about October 14, 1999, at approximately 11:20 a.m., at a specific address in Bronx County:
“Deponent [Police Officer Sandy Gonzalez] states that * * * he observed the defendant to be present at the above referenced location, and did observe said apartment to have a foul odor coming from the refrigerator, to have pots and pans containing food covered with mold, garbage spilled about the apartment floor, numerous pests within the apartment including mice, roaches, and flies, soiled diapers, and dirty clothes thrown about the apartment. Deponent further states that the defendant did state in sum and substance this is my apartment.
“Deponent observed maria garcía (d.o.b. 4-15-95), to have numerous bruises about her arm, leg, and back.
“Deponent further observed Joseph parís (d.o.b. 11-20-98), to have numerous bruises about the back, legs, and arms. Deponent further observed Joseph Paris to have a laceration on his back.”
*42 An accusatory instrument on which a defendant may be held for trial “must allege ‘facts of an evidentiary character’ (CPL 100.15 [3]).” (People v Dumas, 68 NY2d 729, 731 [1986].) Further, the factual allegations in a criminal court information cannot be based on hearsay and must, if true, “establish * * * every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].) This is a nonwaivable jurisdictional requirement. (People v Case, 42 NY2d 98, 99 [1977].)
A person is guilty of endangering the welfare of a child, when he or she “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” (Penal Law § 260.10 [1].) The question of how to plead one’s age without relying on hearsay is a difficult one. Because none of us is cognizant of the exact moment when we are born, our knowledge of our age is always based on what is told to us, usually by family members. Consequently, bowing to necessity and common sense, New York courts have long held that at trial a witness may testify to his or her age, despite its hearsay nature, on the theory that a person’s age is common knowledge in the family. (See, Koester v Rochester County Works, 194 NY 92 [1909]; Matter of Culligan’s Pub v New York State Liq. Auth., 170 AD2d 506 [2d Dept 1991]; People v Mishlanie, 24 Misc 2d 277 [Oneida County Ct 1960].) Therefore, there is no requirement that the prosecution file a supporting deposition when the informant in a complaint asserts his or her own age. Under the same theory, a parent-informant could corroborate the age of his or her child in a complaint.
The problem arises, however, where the child-informant is too young to glean his or her age from family folklore, and where the parent is the defendant who has invoked the right to remain silent. Here, in the accusatory instrument filed, the children were alleged to have been four and a half and one. The mere assertion that one child’s date of birth is “4-15-95” and that the other’s is “11-20-98,” without citing any source for that information, is insufficient to convert the criminal complaint into an information.
There apparently are no reported decisions directly examining this issue. It was addressed tangentially in People v Seward (173 Misc 2d 1020, 1021 [Mt. Vernon City Ct 1997]). There, the court dismissed an accusatory instrument for facial insufficiency where the defendant was charged with leaving a child home alone for roughly half an hour because the court *43 determined, such conduct was not a crime. But the court also noted that the complaint was not properly converted because a statement by a police officer within the factual allegations of the complaint that the child “appeared to be 6 years of age” was insufficient to cure the hearsay. (Supra, at 1021.)
That the accusatory instrument requires at least some corroboration is readily apparent from People v Sivano (174 Misc 2d 427, 428 [App Term, 2d Dept 1997], lv denied 91 NY2d 880 [1997]). In Sivano, the People were forced to file a superceding complaint because they did not have the cooperation of the child-victim’s mother and thus were “unable to obtain non-hearsay allegations particularly as to the statutory element of age.” (Supra, at 428.) The superceding complaint filed by the People included certified school records to prove the children’s ages, and the court deemed the complaint an information. (Supra; see also, People v Cenat, 176 Misc 2d 39, 40 [Crim Ct, Kings County 1997] [where the court allowed a caseworker from the Administration for Children’s Services to provide information about the complainant children’s dates of birth — “a necessary element for the endangering charge”].)
Accordingly, corroboration of the hearsay allegations regarding the birth dates of child complainants requires a certain amount of prosecutorial industry and creativity. The People argue, “the defendant should not be allowed to use as a shield the hearsay requirement in a complaint when it involves an Endangering the Welfare of a Child [charge] and when there is only the defendant to provide the necessary information to establish the age element of the offense.” But the People point to no exception in the criminal procedure law that allows hearsay in accusatory instruments alleging child endangerment. The requirement that defendants be prosecuted in criminal court on nonhearsay allegations of fact cannot be waived because the crime charged is a serious one and the corroboration may be difficult to obtain. The hallmark of our criminal justice system is that all defendants in criminal cases receive the same protections under the law, regardless of the severity of the allegations.
Although this court is aware that it may be difficult to corroborate the age of a child complainant, it is not impossible. Birth records, nursery school records, if any exist, affidavits of other relatives besides the defendant, or child welfare agency records that state the age of a child complainant could all be used as methods of converting an accusatory instrument alleging child endangering. In addition, the People could also file *44 the supporting deposition of someone who observed the child complainant and could describe in detail the height, size, wearing apparel or other pertinent descriptive commentary that would clearly peg the subject child as a person under 17 years of age. And, of course, there is no prohibition against a child providing his or her own date of birth, as long as the child is capable of doing so.
In the alternative, the People contend that the complaint, as written, includes a recitation of the deponent police officer describing the children in a manner making it clear that they are less than 17. This court does not agree. The complaint merely states that the deponent, Police Officer Sandy Garcia, observed “soiled diapers.” It fails to state who, if anyone, is wearing those diapers. For all the reader knows, they could be in a heap on the floor. One cannot reach the conclusion that because there were soiled diapers somewhere within the officer’s line of vision that the children named in the complaint were of an age to be wearing them. Without the hearsay statement listing their dates of birth, there is simply no way to determine the ages of the children from reading this complaint. Accordingly, this complaint has not yet been converted into an information. The People are hereby granted leave to file a superceding information, or to corroborate the existing complaint in a manner that eliminates the hearsay from the factual allegations.