OPINION OF THE COURT
Miriam R. Best, J.
Defendants are charged in a single accusatory instrument with three counts of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant Gomez now moves this court to dismiss the information as facially insufficient, pursuant to CPL 100.40. He also moves to dismiss the charges against him *645 pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e). Defendant Crespo has joined in these applications. For the reasons that follow, the motion to dismiss is denied.
Facial Sufficiency
The complaint alleges that on January 15, 2010, at approximately 9:15 a.m., at an address in Bronx County:
“Deponent [Police Officer Nilsa Martinez] states that, at the above time and place, she observed defendants acting in concert in that defendant CRE-SPO was inside the bedroom of said location and defendant GOMEZ was lying on the bed inside the living room of said location.
“Deponent further states that she observed E.G. (DOB 6/5/05) and J.G (DOB 3/19/07) in the alleyway behind the abovementioned location underneath the window of said location. Deponent further states that she observed E.G. in a light sleeveless dress wearing no shoes or socks. Deponent further states that she observed J.G. dressed in a wet t-shirt wearing no diapers, socks or shoes. Deponent further states that she observed on the ground near them (1) comforter, one (1) pillow and one (1) black leather jacket.
“Deponent further states that she observed the gateway door of the alley to be locked and the security guard of the abovementioned window to be open.
“Deponent further states that inside the abovementioned location, she observed E.C. (DOB 4/2/09) inside a crib in the bedroom of said location. Deponent further states that said crib [sic] near an open window. Deponent further states that E.C. was wearing solely a heavily soiled diaper and was cold.
“Deponent further states that she observed the apartment to be in disarray with clothes and toys all over the apartment.”
Defendants move to dismiss the accusatory instrument because the People did not establish that the three children named in it were less than 17 years old, as required by the statute. Defendants argue that the dates of birth noted in parentheses next to each child’s name are hearsay which has never been converted. Defendants also argue that, because more than 90 chargeable days have passed since their arraignment, this case *646 should be dismissed because the People have never had a legally sufficient information on which to proceed to trial.
The People do not address the hearsay claim regarding the dates of birth of the children, but argue instead that the complaint sufficiently establishes that the three children are under 17 years old based upon the firsthand observations of Officer Martinez. The People also claim that, if there is a defect in the charging document, they have enough speedy trial time left to fix it.
Amalysis of the Facial Insufficiency Claim
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offense. (CPL 100.40 [1] [c].) This requirement, the “prima facie case” requirement— that the factual part establish every element of the offense charged — applies only to informations. This is because the information is the sole instrument upon which a defendant is prosecuted for a misdemeanor or petty offense. (People v Kalin, 12 NY3d 225, 229-230 [2009].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133, 136-137 [1987]; People v Dumas, 68 NY2d 729 [1986].) However, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000] [citations omitted].) The Court of Appeals has repeatedly emphasized that the
“ ‘prima face case requirement [for a misdemeanor information] is not the same as the burden of proof beyond a reasonable doubt required at trial . . . , nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial.’ ” (People v Kalin, 12 NY3d at 230 [citations omitted].)
Endangering the welfare of a child requires that a person “knowingly act[ ] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen *647 years old” (Penal Law § 260.10 [1]). Defendants do not claim that the allegations in the accusatory instrument are legally insufficient, in the sense of omitting a necessary element of the crime, but instead argue that the accusatory instrument contains hearsay that has not been converted. This is so, according to defendants, because Officer Martinez was not present when the three children were born and otherwise has no firsthand knowledge of their dates of birth.
It is black letter law that an information must set forth “non-hearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof” (People v Kalin, 12 NY3d at 228-229 [citations omitted]). On its face, the complaint appears to be a first-party complaint based entirely upon Officer Martinez’s observations. However, as defendants correctly argue, the People do not state how Officer Martinez learned the ages of the children, nor do they allege that Officer Martinez had any other personal relationship with them. The People simply listed the respective dates of birth in parentheses next to each child’s name, in a clear effort to establish an essential element of the crime, specifically, that each child was younger than 17 years old. Had the People served and filed copies of the children’s birth certificates to convert this hearsay, this would have been sufficient. But merely stating the three children’s dates of birth without citing any source for that information is insufficient to convert a criminal complaint to an information (People v Perez, 22 Misc 3d 1105[A], 2009 NY Slip Op 50021[U], *7 [Crim Ct, NY County 2009] [allegation by deponent police officer of dates of birth of subject children was hearsay, since police officer was not present at complainants’ birth and had no firsthand knowledge of their birthdays; complaint not properly converted to an information]; People v Mercado, 184 Misc 2d 40 [Crim Ct, Bronx County 2000] [complaint not converted to an information where complaint included the dates of birth of subject children without citing any source for that information]).
The People claim that, even without reference to the dates of birth, the complaint sufficiently establishes that the three children were younger than 17 years old because Officer Martinez observed items that are “clear labels of infancy,” specifically diapers and a crib. In support of this claim, the People rely on People v Kousar (21 Misc 3d 1122[A], 2008 NY Slip Op 52135[U] [Crim Ct, Kings County 2008]) and People v Cenat (176 Misc 2d 39 [Crim Ct, Kings County 1997]). In Kousar, the court *648 dismissed the endangering charges on speedy trial grounds because the People did not file a certificate of translation to establish that the statements in the accusatory instrument attributed to the defendant were properly translated, where defendant did not speak English. In a footnote, the court agreed with the People’s claim that the defendant’s admissions regarding the age of the injured child were not necessary to establish the child’s age, because that conclusion was a reasonable deduction by the examining doctor. (People v Kousar, 2008 NY Slip Op 52135[U], *4 n 3.) Even if this court agreed with the Kousar court’s analysis on this point, the case is inapposite, because the informant here was not an emergency room doctor or a pediatrician, who might have some expertise at approximating children’s ages, but rather a police officer who claimed to be stating the children’s exact birth dates.[1] In Cenat (176 Misc 3d at 40), the court denied defendant’s motion to dismiss the endangering charges where the defendant allegedly left her two children, who “appeared to be” 10 and 3 years old, alone in a car on a city street for approximately two hours. Notably, the defendant there did not challenge the sufficiency of the accusatory instrument on the basis that the ages of the children had not been sworn to by someone with knowledge. (People v Cenat, 176 Misc 2d at 42 n 3; see also People v Seward, 173 Misc 2d 1020, 1022 [Mt Vernon City Ct 1997] [dismissing the endangering charge as facially insufficient; allegation that the defendant left a six-year-old child home alone for approximately one hour did not rise to the level of criminal activity, and allegation that the child “appeared” to be six years old insufficient to establish the child’s age by nonhearsay allegations].) Accordingly, these *649 cases provide no basis to hold that the accusatory instrument here is legally sufficient.
E.G.
With respect to the eldest child, E.G., the People argue that the allegations that she was not wearing socks and shoes; that there were toys strewn about the apartment; and that Officer Martinez referred to her as a child, are sufficient to establish that she was under 17 years old. The court cannot agree. Absent the reference to E.G.’s birth date, the complaint alleges only that Officer Martinez observed her in an alleyway behind an address, at approximately 9:15 a.m., on January 15, 2010 wearing a sleeveless dress without socks or shoes. These allegations are simply not sufficient to establish that E.G. was under 17 years old.
J.G.
With respect to J.G., the People argue that the allegation that he was not wearing a diaper implies that he should have been wearing a diaper, and therefore that the allegations are sufficient to establish that he was also under 17 years old. Without some further description of J.G. from Officer Martinez’s personal observation, this court will not infer an essential element of the crime charged regarding this alleged victim. The factual allegations are therefore legally insufficient as to J.G.
E.C.
The court’s conclusion with respect to E.C., however, is different. The People allege that Officer Martinez observed E.C. “inside a crib,” wearing only a “heavily soiled diaper.” In the context of a motion to dismiss for facial sufficiency, the court must ultimately decide whether “both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged.” (People v Perez, 2009 NY Slip Op 50021[U], *2 [citation omitted].) Here, the fact that Officer Martinez observed E.C. inside a crib wearing a soiled diaper supports the logical inference that he was younger than 17 years old. (Cf. People v Mercado, 184 Misc 2d at 44 [rejecting People’s claim that the deponent police officer’s description of the children made it clear that they were under 17 years old in part because the officer observed “soiled diapers,” where there was no allegation that any of the children were wearing the diapers].)
*650 Conclusion
For the reasons set forth above, this court holds that the People have not converted the complaint to an information with respect to the two counts of endangering the welfare of a child relating to E.G. and J.G. However, the court also holds that the factual allegations relating to E.C. are legally sufficient to support the charge of endangering the welfare of a child even without the service and filing of a birth certificate. (Cf. People v Kalin, 12 NY3d at 232 [even without a lab report, allegations were sufficient to hold that complaint was an information, where police officer relied on both training and experience as well as packaging of alleged heroin and presence of marihuana pipe to conclude that substances were heroin and marihuana].)
The Speedy Trial Motion
Defendants move to dismiss the accusatory instrument pursuant to CPL 30.30 (1) (b), claiming that the prosecution has not been ready for trial for a period exceeding the statutory limit of 90 days to file a valid accusatory instrument upon which they may be tried. They argue that because the People never properly converted the hearsay allegations in the misdemeanor complaint, they never filed a valid accusatory instrument and were therefore never ready for trial.
The People oppose defendant’s motion, arguing that they should be charged with only 36 days of delay.[2]
Defendant is charged with endangering the welfare of a child (Penal Law § 260.10 [1]), which is a class A misdemeanor. Pursuant to Penal Law § 70.15, an A misdemeanor is punishable by a definite sentence not exceeding one year. Accordingly, the People were required to announce their readiness for trial within 90 days of commencing the criminal action against defendant. (CPL 30.30 [1] [b].) In order to be successful on the instant motion, therefore, defendant has the burden of demonstrating the existence of a delay in excess of 90 days. (People v Santos, 68 NY2d 859, 861 [1986]; People v Khachiyan, 194 Misc 2d 161, 166 [Crim Ct, Kings County 2002].) Once he has made that showing, the burden shifts to the People to establish that certain periods within that time should be excluded. (People v Santos, supra; People v Khachiyan, supra.)
*651 In order for the People effectively to announce ready for tried, they must both communicate their readiness and in fact be ready for trial. (People v Kendzia, 64 NY2d 331, 337 [1985].) The People’s statement of readiness for trial is valid when they have removed all legal impediments to the commencement of their case. (People v England, 84 NY2d 1, 4 [1994].) Since, pursuant to CPL 170.65, a misdemeanor complaint must be replaced by an information for the purposes of prosecution, the People cannot effectively state ready for trial until the accusatory instrument has been converted to an information. (People v Brooks, 190 Misc 2d 247, 253-254 [App Term, 1st Dept 2001] [“statement of readiness prior to conversion . . . has no effect for purposes of tolling the speedy trial statute when the defendant has not contributed to the delay”]; People v Quiles, 179 Misc 2d 59, 64 [Grim Ct, NY County 1998] [People could not effectively declare ready for trial where they failed to file and serve corroborating affidavit].) It is well settled that to be ready, the prosecution must have filed a valid accusatory instrument sufficient to confer on the court jurisdiction to try the defendant. A misdemeanor complaint does not confer jurisdiction to try the defendant. Here, defendant Gomez was arraigned on the misdemeanor complaint on January 17, 2010 and defendant Crespo was arraigned on January 16, 2010. Accordingly, the People were required to obtain a valid information within 90 days of those dates, excluding any delays requested by or consented to by defendants.
Calculation of Includable and Excludable Time
1. January 17, 2010 to February 11, 2010
Defendant Gomez was arraigned on January 17, 2010.[3] The People claim, and defendant does not dispute, that the People stated ready for trial. However, for the reasons discussed above, this statement of readiness was insufficient to toll the speedy trial time with respect to the two counts of endangering for E.G. and J.G., hereinafter “counts 1 and 2” of the accusatory instrument. Accordingly, with respect to counts 1 and 2, the People are charged with 25 days of delay. Because the People had secured a valid information upon which defendant could be tried with respect to the endangering count charged for E.C., hereinafter count 3 of the accusatory instrument, no time is charged to the People as to that count.
*652 Counts 1 and 2: 25 days of delay
Count 3: 0 days of delay
2. February 11, 2010 to March 15, 2010
On February 11, 2010, defendant Gomez’s attorney, Allan Morofsky, was relieved and Mark Loudon-Brown of The Bronx Defenders was assigned. At that time, Mr. Loudon-Brown argued orally that the complaint was not properly converted to an information because the accusatory instrument contained hearsay to establish the ages of the children. However, the case was adjourned for possible disposition and discovery. Because a defendant may consent to an adjournment at any time, irrespective of the People’s readiness for trial, no time is charged for this adjournment (CPL 30.30 [4] [b]; People v Delvalle, 265 AD2d 174 [1st Dept 1999], lv denied 94 NY2d 879 [2000]).
Counts 1 and 2: 0 days
Count 3: 0 days
3. March 15, 2010 to April 16, 2010
On March 15, 2010, defense counsel for defendant Crespo, Anthony Strazza, was not present at the calendar call. However, Mr. Strazza had filed an omnibus motion on defendant Crespo’s behalf on March 5, 2010. The People were directed to respond to defendant Crespo’s motion by March 19, 2010 and the case was adjourned until April 16, 2010 for decision and trial. No time is charged to the People (CPL 30.30 [4] [a]).
4. April 16, 2010 to April 26, 2010
On April 16, 2010, Mr. Strazza was again not present at the calendar call of this case. The People informed the court that while Ms. Crespo had requested a Huntley hearing, no statement notice had ever been served and the People did not intend to offer any statement evidence. The court resolved the remainder of defendant Crespo’s omnibus motion from the bench and the case was adjourned until April 26, 2010 for trial. No time is charged to the People.
5. April 26, 2010 to May 12, 2010
On April 26, 2010, the People were not ready for trial and requested a one-week adjournment until May 3, 2010. The case was adjourned to May 12. With respect to counts 1 and 2, as the People had not yet filed an accusatory instrument upon which defendant could be tried, they are charged with the entire adjournment, a total of 16 days of delay. With respect to count 3, the People are charged only with the seven days they requested. (People v Pierre, 8 AD3d 201, 201 [1st Dept 2004], lv *653 denied 3 NY3d 710 [2004]; People v Delacruz, 241 AD2d 328, 328-329 [1st Dept 1997], lv denied 90 NY2d 939 [1997].)
Counts 1 and 2: 16 days
Count 3: 7 days
6. May 12, 2010 to May 14, 2010
On May 12, 2010, the People were not ready for trial and requested an adjournment until May 14. Although, Mr. Strazza was not present at the calendar call, counsel for Mr. Gomez was present. The case was adjourned until May 14, 2010. The People are charged with two days as to each of the three counts.
Counts 1 and 2: 2 days
Count 3: 2 days
7. May 14, 2010 to June 22, 2010
The People stated ready for trial on May 14, 2010. At that time, defendant Gomez filed the instant CPL 30.30 motion and defendant Crespo orally joined in the motion. The People were ordered to file their response by May 28, and the case was adjourned to June 22 for decision.
The People did not file their response to the instant motion until June 17, 2010, and they did not request an extension of time from the court before the filing date had passed. The People concede that 20 days are chargeable to them. (See People v Gonzalez, 266 AD2d 562, 563 [2d Dept 1999], lv denied 94 NY2d 920 [2000].)
Counts 1 and 2: 20 days
Count 3: 20 days
8. June 22, 2010 to date
On June 22, the court adjourned the case to July 13 for decision. However, on June 28 defendant Gomez filed a reply brief, and on July 13 the People requested two more days to file a surreply. The court granted that request. The court adjourned the case to August 10 for decision, and thereafter to September 7.
No time is chargeable to the People for these adjournments (CPL 30.30 [4] [a]).
Conclusion
Upon calculating all of the speedy trial time periods applicable to this matter, the court finds that:
As to counts 1 and 2, 63 days are chargeable as to defendant Gomez and 64 days are chargeable to defendant Crespo.
*654 As to count 3, 29 days are chargeable as to defendant Gomez and 30 days are chargeable as to defendant Crespo.

. Indeed, this court would not follow Kousar, which was decided by a judge of the Criminal Court and which is therefore not binding on this court, even if it were not distinguishable on the facts. The only allegation in Kousar regarding the child’s age was stated as follows: “Deponent is informed by Dr Walker [sic], of Maimonides Hospitalf] that at the above time and place . . . the defendant did bring defendant’s 17 month old son [H.C.] to be treated for a burn . . . Deponent is further informed by informant that informant examined [H.C.].” (2008 NY Slip Op 52135[U], *1 [footnote omitted].) It seems apparent that the child’s age was supplied by the defendant, either to the doctor or to the deponent-detective. Moreover, this complaint lacked the type of descriptive information that can satisfy the age element for a legally sufficient charge of endangering the welfare of a child. (See People v Mercado, 184 Misc 2d at 43-44 [“the People could also file the supporting deposition of someone who observed the child complainant and could describe in detail the height, size, wearing apparel or other pertinent descriptive commentary that would clearly peg the subject child as a person under 17 years of age”].)

. The People originally argued that they should be charged with only 16 days of delay. However, in their surreply, the People conceded that they should be charged with 36 days of delay.

. For simplicity, and because the formal motion to dismiss was filed by defendant Gomez, the court will do its speedy trial analysis using the dates relevant to his case.