■ In the Matter of BRANDON P., a Person Alleged to be a Juvenile Delinquent, Appellant. [966 NYS2d 72]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about January 18, 2012, which adjudicated appellant a juvenile delinquent upon his admission that he committed the act of unlawful possession of weapons by a person under 16, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The petition, together with the supporting deposition, contained nonhearsay allegations establishing every element of the offense charged, including the age element of Penal Law § 265.05 (see generally Family Ct Act § 311.2 [3]; Matter of Jahron S., 79 NY2d 632, 636 [1992]). Unlike the situation in Matter of Devon V. (83 AD3d 469 [1st Dept 2011]), the supporting deposition contained an explanation of how the deponent knew appellant was 15 years old. The deponent stated that she was appellant's sister, and it is generally recognized that the ages of family members are common knowledge within a family (see Matter of Culligan's Pub v New York State Liq. Auth., 170 AD2d 506 [2d Dept 1991], and cases cited therein).

The court properly exercised its discretion in adjudicating appellant a juvenile delinquent and placing him on probation for a period of 18 months. This was the least restrictive alternative consistent with the needs of appellant and the community (see Matter of Katherine W., 62 NY2d 947 [1984]) in light of, among other things, the fact that the underlying offense was a serious incident involving a knife. The court reasonably concluded that the six-month period of supervision available under an adjournment in contemplation of dismissal was inadequate to meet appellant's needs. Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.