OPINION OF THE COURT
Barbara Jaffe, J.
Defendant, charged with one count of endangering the welfare of a child (Penal Law § 260.10 [1]) and one count of public lewdness (Penal Law § 245.00), moves to dismiss those charges pursuant to Criminal Procedure Law § 170.30 (1) (a) on the ground that the accusatory instrument is facially insufficient. The question presented is whether an allegation that defendant was massaging his genitals with his pants down and behind a desk in a public school during school hours is sufficient, for pleading purposes, to establish the charged crimes. On October 1, 2003, the court denied defendant’s motion for the following reasons.
In the complaint, it is alleged that on February 13, 2003 at 12:00 p.m., inside 103 West 107th Street, a public school, J.H. observed defendant seated behind a desk, with his pants down, and with one hand on top of the desk and the other hand on his genitals. She also saw defendant’s arm moving in a “massaging” motion. The deponent officer alleges that children under the age of 17 attend the school. On May 27, 2003, the People filed and served a supporting deposition executed by Ms. H. on May 24, 2003.
A facially sufficient information is a nonwaivable, jurisdictional prerequisite to a criminal prosecution. (People v Alejandro, 70 NY2d 133 [1987].) To be sufficient on its face, an information must not only substantially conform to the requirements set forth in Criminal Procedure Law § 100.15 (1), but must also contain nonhearsay allegations of fact that, together with those of any supporting depositions accompanying it, provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].)
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
*512 Additionally, the nonhearsay allegations of fact must establish a prima facie case in that they must support every element of the offense charged and the defendant’s commission of it. (CPL 100.40 [1] [c]; Alejandro, 70 NY2d at 137-138.) The facts may establish a prima facie case, for purposes of pleading an offense, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].)
In assessing the facial sufficiency of an accusatory instrument, the court must view the facts in the light most favorable to the People. (See People v Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000] [inconsistencies in supporting deposition do not affect jurisdictional underpinnings of prosecution]; People v Livio, 187 Misc 2d 302, 310 [Nassau Dist Ct 2000] [facts and circumstances on motion to dismiss information viewed in light most favorable to People].) Moreover, “ ‘the court is not required to ignore common sense or the significance of the conduct alleged.’ ” (Gonzalez, 184 Misc 2d 262, 264 [2000] [citation omitted].)
I. Endangering the Welfare of a Child
A person is guilty of endangering the welfare of a child when, in pertinent part, he or she “knowingly acts in a manner likely to be injurious to thé physical, mental or moral welfare of a child less than [17] years old.” (Penal Law § 260.10 [1].) “Criminal liability for endangering the welfare of a child is imposed when a defendant engages in conduct knowing that it will present a likelihood of harm to a child (i.e., with an awareness of the potential for harm).” (People v Hitchcock, 98 NY2d 586, 590 [2002] [internal quotation marks omitted], quoting People v Johnson, 95 NY2d 368, 372 [2000].) A violation of the statute does not require proof that the defendant’s conduct be specifically directed at a child. (Hitchcock, 98 NY2d 586, 591 [2002].) Rather, the defendant “must simply be aware that the conduct may likely result in harm to a child.” (Id.) The harm must have been likely to occur, not merely possible. (Id.)
A. Age of Child
Defendant argues that the complaint is facially insufficient as the facts alleged therein fail to demonstrate that his conduct was observed by a child less than 17 years of age.
The People contend that the complaint contains an allegation that the complaining witness attends the school with students *513 under the age of 17. However, they have also asked that should the court require corroboration, they will file an affidavit establishing the complaining witness’ date of birth.
Contrary to the People’s contention, the complaint contains no allegation that the complaining witness attends the school with students under the age of 17. Although the People are willing to file a corroborating affidavit establishing the witness’ date of birth, a question arises as to whether, in the absence of such an affidavit, allegations that an accused engaged in the conduct as alleged in the complaint, during school hours and on school premises attended by students under the age of 17, are alone sufficient to establish, for pleading purposes, that a child under the age of 17 was likely to be harmed. Research fails to disclose any cases in New York addressing this precise question.
Courts assessing the sufficiency of evidence frequently draw inferences from evidence which they deem sufficient for pleading purposes or even to establish guilt. For example, in Matter of Benjamin S.A. (302 AD2d 979 [4th Dept 2003], lv denied 100 NY2d 505 [2003]), the Court upheld the respondent’s conviction, finding it reasonable to infer that he was aware of a risk that a child would find a loaded pellet pistol from evidence that he left the pistol in a boys’ bathroom during a dance at a middle school attended by hundreds of children.
Similarly, in People ex rel. Tanis v Benedict (28 NYS2d 202, 205 [Sup Ct, Monroe County 1941]), the court upheld a complaint in which the relator was alleged to have wilfully caused a child “to be placed in . . . a position [where] her morals were likely to be impaired [by] stationing] himself’ inside a car parked on a city street by a sidewalk where a passing 10-year-old girl could plainly see his “unconcealed and unnatural acts.” The court specifically addressed the relator’s argument that the alleged facts failed to establish that he had any “control” over the child such as to have “caused” her to see him, and rejected his argument as arising from a “strained” construction of the statute. The court thus held that given the public nature of the relator’s conduct, a violation of the statute was adequately pleaded with facts from which it was reasonably inferred that the relator had placed the child in a position where she would likely observe his conduct, thus wilfully causing her harm.
Although neither court in Benjamin S.A. nor Tanis addressed the sufficiency of evidence establishing the victim’s age, both decisions stand for the proposition that inferences reasonably *514 drawn from alleged facts may be sufficient to establish child endangerment. Here, as defendant is alleged to have engaged in what reasonably appeared to be masturbation, at noon and on the premises of a school attended by children under the age of 17, it is reasonable to infer that he knew that it was likely that one or more students would see him.
That defendant stationed himself behind a desk makes it no less likely that he would be observed by a child, given his state of partial undress and the unpredictability of schoolchildren. If the complaining witness was able to observe him, so too would a child. In Hitchcock, by contrast, the Court reversed the defendant’s conviction for endangering the welfare of a child after finding that he made a “significant effort” to conceal a firearm in his home as the victim, his 14-year-old brother, who had surreptitiously observed the defendant hide the firearm, found it and used it after spending an hour searching for it. (98 NY2d at 592.)
To be distinguished are those cases where the defendant is alleged to have committed an act on premises where children under the age of 17 are not necessarily expected to be present, such as a residence. In such cases, courts have dismissed complaints containing insufficient factual allegations as to the age of the victims. (See e.g. People v Mercado, 184 Misc 2d 40 [Crim Ct, Bronx County 2000] [fact that soiled diapers found in defendant’s garbage-strewn, roach- and rodent-infested apartment held insufficient to establish age of victims as diapers not connected to abused children named in complaint]; cf. People v Seward, 173 Misc 2d 1020, 1021 [Mount Vernon City Ct 1997] [police officer’s allegation that child who was left by defendant home alone for half an hour and who “appeared to be 6 years of age” found to constitute uncorroborated hearsay].)
Here, by contrast, it was likely that, under the circumstances alleged in the complaint and viewed in the light most favorable to the People, any student at the school could have been in the complaining witness’ position to observe defendant engaged in the proscribed conduct. Consequently, the age of the complaining witness is immaterial.
B. Defendant’s Conduct
Defendant also claims that absent an allegation of repetitive conduct or one clear unequivocal act, the complaint fails to establish child endangerment. The People maintain that the complaint contains sufficient factual allegations establishing that defendant committed a clear and unequivocal act of masturbation.
*515 The crime of endangering the welfare of a child may be committed by a series of acts or a single act. (People v Keindl, 68 NY2d 410, 421 [1986].) As the complaining witness alleges that she observed defendant with his pants down and with one hand on his genitals, and that his arm was moving in such a manner as to make it apparent that he was massaging his genital area, it is reasonably inferred that defendant was masturbating. Masturbation constitutes an unequivocal act. As to whether it is an act which, when committed in front of a child, constitutes the crime of endangering the welfare of a child is a question for the finder of fact. (See People v Morey, 224 AD2d 730 [3d Dept 1996], lv denied 87 NY2d 1022 [1996] [conviction for child endangerment upheld where defendant exposed child to pornography and masturbated in her presence].)
Thus, viewed in the light most favorable to the People, the instant complaint contains an allegation of a clear, unequivocal act of masturbation committed on school premises during school hours. For pleading purposes, that allegation is sufficient to establish that defendant endangered the welfare of a child within the meaning of the statute.
II. Public Lewdness
Pursuant to subdivision (a) of Penal Law § 245.00, a person is guilty of public lewdness when he or she intentionally exposes the private or intimate parts of his or her body in a lewd manner or commits any other lewd act in a public place. In enacting this subdivision of the public lewdness statute, the Legislature apparently sought to protect the public, “unsuspecting, unwilling, nonconsenting, innocent, surprised or likely-to-be-offended or corrupted types of viewers . . . from the sight of offensive activities and materials.” (People v McNamara, 78 NY2d 626, 631 [1991].)
The evil at which the statute is directed is the actor’s display, not his intent to display. Thus, an accused’s intent to be observed engaging in the proscribed conduct need not be pleaded or proved in a prosecution under subdivision (a) of the statute. By contrast, subdivision (b) of the statute proscribes the intentional exposure of the private or intimate parts of his body in a lewd manner or the commission of any other lewd act in private premises under circumstances in which he may readily be observed from either a public place or from other private premises “and with intent that he be so observed.” (Penal Law § 245.00 [b]; McNamara, 78 NY2d at 630.)
*516 A. Defendant’s Intent
Defendant asserts that the complaint is facially insufficient as the facts alleged therein fail to demonstrate that he intentionally exposed his intimate parts in a lewd manner, observing that he is alleged to have been behind a desk when engaged in the charged conduct. He also contends that absent any allegation as to the complaining witness’ precise location when she observed him, his intent to be seen by her is not established in the complaint.
The People aver that as defendant allegedly engaged in the specified conduct in a public place, the school, his intent to be observed is reasonably inferred.
While it is true that the complaint contains no facts demonstrating that defendant intentionally exposed his intimate parts in a lewd manner, he is not charged with doing so. Rather, he is charged with engaging in a lewd act in a public place. His intent to engage in a lewd act may be inferred from his actions. (See People v Bracey, 41 NY2d 296, 301 [1977].)
In order to address defendant’s contention that his intent to be observed cannot be sufficiently pleaded absent information in the complaint concerning the complaining witness’ precise location, the public nature of defendant’s conduct must be considered. A place is public “where the objective circumstances establish that lewd acts committed there can, and likely would, be seen by the casual passerby, whose sensibilities the statute seeks to protect.” (McNamara, 78 NY2d at 633-634.) The statute does not, however, reach lewd conduct committed by one who takes “reasonable measures to secure” privacy. (Id. at 633.)
Here, again, defendant is alleged to have masturbated inside a public school at noon. It is beyond dispute that a public school is a public place and anyone would know that at noon students and staff are on the premises. Moreover, even if defendant indulged in the alleged conduct behind a desk, he was nonetheless subject to being observed by anyone, student or staff, who would likely see him upon entry into the room or through a hallway window. And it is alleged he was so observed.
Under these circumstances, and viewing the alleged facts in the light most favorable to the People, defendant cannot be said to have taken reasonable measures to secure his privacy. Thus, as defendant’s alleged conduct occurred in a public place and his intent to be observed is not an element of the crime, the complaining witness’ precise location need not be alleged.
*517 B. Defendant’s Conduct
Defendant also argues that the complaint is facially insufficient as it contains no facts establishing that he lewdly exposed any private or intimate part of his body or committed any other lewd act. The People disagree, observing that the facts alleged demonstrate that defendant was masturbating.
The public lewdness statute proscribes not only exposure of the genitals but any other lewd act. (See People v Darryl M., 123 Misc 2d 723, 725 [CVrim Ct, NY County 1984] [statutory proscription not limited to acts of exposure].) Masturbation in a public place is a lewd act. (See id. [complaint upheld where defendant repeatedly stroked his covered erect penis with hand in subway station]; People v Kennedy, NYLJ, Oct. 1, 1990, at 30, col 3 [Crim Ct, Queens County] [complaint upheld where defendant rubbed clothed penis in railroad train].)
As defendant is alleged to have masturbated inside a public school during school hours, even if behind a desk, his violation of the statute is sufficiently pleaded.
III. Conclusion
For all of these reasons, the court holds that the alleged facts appear reliable and disclose circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that the charged offenses of endangering the welfare of a child and public lewdness were committed and that defendant committed them. (CPL 70.10 [2]; 100.40 [1] [b].) For the same reasons, the court also holds that the alleged facts, if true, establish, prima facie, every element of the charged crimes and defendant’s commission of them. (CPL 100.40 [1] [c].) Accordingly, defendant’s motion to dismiss the complaint for facial insufficiency is denied. (CPL 170.45, 210.45 [5] [a].)