OPINION OF THE COURT
Robert H. Spergel, J.
*527 The defendant, Antonio Delmonaco, moves this court for an order dismissing the information upon the ground that the court lacks subject matter jurisdiction over the case and that the same should be dismissed in the furtherance of justice. The People oppose the motion, and move this court for dismissal of the charge that the defendant violated section 229-1 (A) of the Code of the Town of Oyster Bay.
The defendant is charged with violating sections 229-1 (A) and 82-3 (B) of the Code of the Town of Oyster Bay. The People have dismissed the “trespass” charge pursuant to section 229-1 (A). The remaining charge of a violation of section 82-3 (B), “Possession of Open Alcoholic Beverage,” allegedly occurred at Central Boulevard School, in Bethpage, on February 2, 2007 at approximately 7:40 p.m.
The defendant alleges that, per CPL 30.30, 150.50 (5) (b)*; 170.30 and 170.40, the simplified information should be dismissed. Defendant’s counsel maintains that “only a desk appearance ticket (D.A.T.) has been filed with this court. It appears that no simplified information, no information or any other accusatory instrument has been filed with this Court.”
Defense counsel cites People v Consolidated Edison Co. (161 Misc 2d 907 [1994]), wherein appearance tickets were issued by Department of Transportation inspectors and, on the return dates, the accusatory instruments had not yet been filed. The Consolidated Edison Co. court found that the failure to file an accusatory instrument, on or before the return date, resulted in the court failing to acquire subject matter jurisdiction over the defendant. The case at bar is distinguishable from Consolidated Edison Co. because although a D.A.T. had been issued to Mr. Delmonaco, the People in fact filed the D.A.T. with the court, prior to arraignment.
The People allege: “[T]hat prior to arraignment, PEOPLE filed with this Court, accusatory instruments containing factual allegations made under the penalties of Section 245.10 of the Penal Law, specifying the time, date, location and manner in which defendant committed the above-stated offenses.”
In addition, the People state that, on April 9, 2007, the defendant appeared before this court and was arraigned. The defendant entered a plea of not guilty to both charges. The issue now becomes, whether the filing of the D.A.T. qualifies as an accusa *528 tory instrument pursuant to CPL 1.20 (17), 100.05 and 100.15. In order to determine this, the court must analyze the sufficiency of the D.A.T. filed by the police.
CPL 100.15 provides that every accusatory instrument must contain two separate parts: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. The facts set forth must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument (People v Dumas, 68 NY2d 729 [1986]; People v Strafer, 10 Misc 3d 1072[A], 2006 NY Slip Op 50046[U] [2006]). CPL 100.40 provides that a misdemeanor information is facially sufficient if the nonhearsay facts stated in the information, together with any supporting depositions, establish: (1) each and every element of the offense charged, and (2) the defendant’s commission of said crime. When both these requirements are met, the information states a prima facie case and is sufficient (People v Alejandro, 70 NY2d 133 [1987]).
On a motion to dismiss for facial insufficiency, the court’s review is limited to whether or not the People’s allegations, as stated in the accusatory instrument, are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt (People v Jennings, 69 NY2d 103 [1986]). In assessing the facial sufficiency of an accusatory instrument, the court must view the facts in the light most favorable to the People (People v Mellish, 4 Misc 3d 1013[A], 2004 NY Slip Op 50869[U] [2004]; People v Gibble, 2 Misc 3d 510 [2003]). The allegations only need make out a prima facie case and need not establish the defendant’s guilt beyond a reasonable doubt (People v Henderson, 92 NY2d 677 [1999]).
Here, the D.A.T. states the offense charged and contains a factual portion supporting the offense charged in accordance with CPL 100.15. The factual portion of the appearance ticket alleges: “I observed the defendant at the stated place, date and time to be in possession of a 40 oz. Bottle of Budweiser beer with intent to consume same.”
Accordingly, despite being titled “Appearance Ticket,” the D.A.T. sufficiently complies with the requisite requirement of an accusatory instrument pursuant to CPL 100.15. The mere denomination as either a court information, appearance ticket or D.A.T. does not conclusively establish the sufficiency of the *529 document, rather the contents establish the accusatory instrument’s sufficiency (see generally, People v Meachem, 11 Misc 3d 126CA], 2005 NY Slip Op 52269[U] [2005]).
The defendant’s remaining arguments are denied without merit. Accordingly, the defendant’s motion to dismiss with regard to the charge of violating section 82-3 (B) of the Code of the Town of Oyster Bay is denied and the charge of violating section 229-1 (A) of the Code of the Town of Oyster Bay is dismissed upon the request of the People.

 Noting that defense counsel incorrectly cites CPL 150.50 (5) (b), as there is no such subdivision.