OPINION OF THE COURT
Tricia M. Ferrell, J.
The defendant is charged with one violation of Penal Law § 245.00 and now moves for dismissal of the sole count. The defendant argues that the accusatory instrument is defective in that it fails to properly identify the subdivision of the statute applicable to the crime the defendant has allegedly committed. The additional argument presented by the defense is that the alleged exposure didn’t occur in a public place.
The accusatory instrument filed with the court is labeled as an information. It states in pertinent part the following:
“Count: 1
“§ 245.00 Public Lewdness
“A person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act
“(a) in a public place
“(b) in a private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed.
“TO WIT: On the aforesaid date, time and place the defendant . . . while sitting in a college class . . . next to the victim . . . sent a text message to the victim asking her to touch him while he exposed his erect penis to the victim.”
Her supporting deposition states in pertinent part the following:
“I was in class . . . when a classmate . . . exposed his erect penis to me while sitting next to me in class. He was wearing blue basketball shorts, white t-shirt, male white, six foot, age 21, muscular, 200 lbs approximately. He text me while exposing me ‘to just touch it now at least.’ ”
As noted above, the accusatory instrument lists both of the statute’s subdivisions. Notwithstanding the failure of the accusatory instrument to indicate which subdivision applies since both are listed, the defendant argues that neither of the elements required in subdivision (a) or (b) have been met. The de *1125 fendant argues that pursuant to subdivision (a) which requires the lewd act to have been committed in a public place, since the alleged incident occurred in the classroom of a private university, that element hasn’t and can’t be met. Subdivision (b) states that a person can be charged with this offense if the alleged act occurred in private premises under circumstances in which he may readily be observed from either a public place or from other private premises with the intent that he be observed; the defendant argues that no one else could see or did see the alleged act based upon where they were physically located.
The prosecution argues that the accusatory instrument and the accompanying supporting deposition apply to both subdivisions. First the prosecution argues that the location of the alleged incident is a public place pursuant to subdivision (a) and they cite case law that purportedly refers to the definition of a public place including a classroom. The prosecution also argues that subdivision (b) is applicable, but no explanation is provided for this alternate theory of the case and, since this subdivision refers to private premises, it’s unknown if they’ve determined whether this location is a public or private place.
Upon examination of the cases referred to by the prosecution, this court is still unable to reach a similar conclusion on the issue of sufficiency. The accusatory instruments in the cited cases differ from the case at bar. The dismissed accusatory instrument in People v McNamara (78 NY2d 626 [1991]) alleged that the indecent exposure took place in the rear seat of a vehicle parked on a street; the other accusatory instruments in McNamara alleged that the sexual acts were committed on a public residential street and were likewise dismissed. The Court’s basis for affirming these dismissals is that these accusatory instruments failed to allege facts supporting the conclusion that the acts complained of occurred in public places. (Id. at 630.) So while the prosecution argues that the location here, as described in their papers, meets the legal standard, the Court in McNamara requires the accusatory instrument to include more information for sufficiency purposes: the accusatory instrument and the accompanying supporting deposition must include the facts that exist to establish the statutory element that the acts were committed in a “public place” (id.), or private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed. (Penal Law § 245.00 [b].)
*1126 People v Singh (47 Misc 3d 136[A], 2015 NY Slip Op 50504[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), another case cited by the prosecution also differs from the case at bar in that the alleged incident in Singh occurred on a public street; the defendant approached the complainants in front of “127-16 97th Avenue” (2015 NY Slip Op 50504[U], *1). Nowhere in case law is a public street defined or viewed as anything other than a public place or public location; however, the semi-inaccessible nature of a classroom (to the public) can’t allow the court to make the same comparison, leading to a similar conclusion as in the Singh case. Without additional information such as:
1. whether the classroom was open to other students or faculty or persons during the alleged incident;
2. whether the classroom was occupied with other persons during the alleged incident;
3. whether the alleged incident took place during the instruction hour;
4. whether the door to the classroom was open or the windows provided an unobstructed view to others; or
5. whether the parties were authorized to be in the classroom at the time of the alleged incident, this court can’t apply the well established standard: assume the allegations are true and consider all reasonable inferences that may be drawn from them. Albeit these allegations are troubling to the court, it is not permitted under the law to assume anything more than what’s been filed and this filing fails to survive the appropriate level of scrutiny; what’s required is a fair and not overly restrictive or technical reading and even when applying that standard, this court faces the same challenge in finding this charge facially sufficient.
The accusatory instrument in People v Frank S. (183 Misc 2d 622 [Crim Ct, Bronx County 2000]), another case referred to by the prosecution, did survive the aforementioned scrutiny. These accusatory instruments alleged that one of the incidents took place “at the Fordham Road subway platform in the Bronx” and the other occurred “at the 138th Street and 3rd Avenue subway platform in the Bronx” {id. at 623). These factual scenarios differ from the case at bar because a subway, similar to a street, by its very nature has never been deemed anything but public, hence its classification as public transportation. Therefore, the same inferences that can be drawn from the public nature of public transportation can’t be made with respect to a private university’s classroom.
*1127 The public classroom setting discussed in People v Gibble (2 Misc 3d 510 [Crim Ct, NY County 2003]) is the most analogous case to the case at bar. In Gibble the complaint alleged that “at 12:00 p.m., inside 103 West 107th Street, a public school, J.H. observed defendant seated behind a desk, with his pants down, and with one hand on top of the desk and the other hand on his genitals” (id. at 511). This alleged lewd conduct in Gibble is almost identical to the lewd conduct in the case before this court; however, outside of the sexual conduct, the comparison must cease. The Gibble court didn’t face the same issues as this case because the charge, including the specific subdivision, was clearly stated and the location was clearly described; there was no need for the Gibble court to speculate. Additionally, when that court stated that the public school classroom was a public place it held that the complaining witness’ precise location need not be alleged (id. at 516). The court never held the same reasoning applied to the defendant’s precise location because the statute requires the defendant to be in a public place pursuant to subdivision (a) and the location as stated (a public school) satisfies this element of the statute.
Gibble never addressed whether a private college can be deemed a public place and unless this court now ignores common sense, it can’t arrive at the same conclusion. A commonsense approach must take into account the private or restricted access of a private college campus versus a public school campus; there’s also a difference in college class schedules versus typical public school schedules, and the ability to use an empty classroom is non-existent in public school while common in college for many reasons outside of instruction and studying. This is by no means an exhaustive list but it gives an indication of why more information would be necessary in this case.
What is clear in this case is that the defendant is entitled to know what he’s being charged with and the way to do so is to list the charge in the accusatory instrument. The defendant is not entitled to know the intimate details of the prosecution’s trial strategy, but failing to state which subdivision of the statute the defendant is being accused of amounts to the defendant not being properly informed of the accusation lodged against him. The court nor the accused should have to resort to guesswork to determine the specific charge and by not setting forth a distinct factual basis for either charge, the defects here are fatal. It is a non-waivable jurisdictional prerequisite that *1128 an accusatory instrument state the offense which the defendant is charged and the particular facts establishing each and every element of that offense. (People v Hall, 48 NY2d 927 [1979].) Without the accusatory instrument delineating what the precise charge is and the facts supporting that charge, the aforementioned standard has not been met. Additionally, the mislabeled accusatory instrument fails to adequately state factual allegations to support each of the elements for both subdivisions listed.
Therefore, the sole count is hereby dismissed.