*209 OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion for an order dismissing the accusatory instrument as facially defective, or, alternatively, suppressing a statement the People attribute to him, is granted to the extent that the issue of whether a statement the People attribute to defendant should be suppressed as the product of threats, coercion, improper promises, or on account of a violation of the requirements of Miranda v Arizona (384 US 436 [1966]) is set down for a pretrial hearing.
Defendant is accused by information of public lewdness (see Penal Law § 245.00) on account of an incident that is alleged to have occurred in an accounting class at Hofstra University on September 3, 2014. By the accusatory part (see CPL 100.15 [2]), the People describe the statute violated as Penal Law § “245 (a).” By the factual part (see CPL 100.15 [3]), the complainant (see CPL 100.15 [3]), Assistant District Attorney Elizabeth Shumeda, attests on information and belief that, at approximately 5:49 p.m. on the date of incident, defendant, while sitting next to the complaining witness in the accounting class with 20 other students in room 209 in CV Starr Hall, “did intentionally send the [complaining witness] a text message asking [her] to ‘just touch it,’ and did pull his shorts up and intentionally expose his erect penis to [her].” By a supporting deposition attached to the information, complaining witness Julianne Brackman attests that
“[o]n September 3, 2014, at approximately 5:49 P.M., I was in my Accounting 102 class at Hofstra University, in a classroom, located in Building CV Starr, Room 209, on California Avenue in the County of Nassau, State of New York, when a classmate by the name of Eric Peterson exposed his erect penis to me while sitting next to me in class, as the professor was teaching. There were approximately twenty (20) students in the classroom at the time. He was seated in the chair directly to my right. The door to the classroom was located directly behind us. The door has a glass window on it, as well as floor to ceiling panel of glass located to the side of it. The door was closed at the time. The class began at 4:30 P.M. and ended at 5:55 P.M. He was wearing blue basketball shorts and a white t-shirt. At 5:49 P.M., he sent me a text message asking me to ‘just touch it,’ it’s ‘under the desk.’ At *210 this time, he pulled his shorts up, and exposed his erect penis through the leg of his shorts.
“Assistant District Attorney Elizabeth Shumeda has written this statement for me and it is the truth.”
Also attached to the accusatory instrument is what appears to be an unauthenticated printout of text messages between the defendant and the complaining witness made at about the time of incident. The People have served a CPL 710.30 notice advising of their intention to use at trial a statement they assert defendant made to police detectives on September 6, 2014.
This is the second time the People have commenced a prosecution against defendant on account of the incident of September 3, 2014. The first prosecution culminated in an order by this court (Farrell, J.) dated September 10, 2015 dismissing the accusatory instrument as defective. The court ruled that the People had failed to properly delineate whether their theory was that the defendant performed a lewd act in a public place as set forth in subdivision (a), or that they instead claimed he did so in private premises under circumstances in which he intended that he be observed and that he could be readily observed from either a public place or from other private premises, as set forth in subdivision (b) of Penal Law § 245.00 (see People v Peterson, 49 Misc 3d 1123 [Nassau Dist Ct 2015, Farrell, J.]). The court also ruled that the accusatory instrument contained insufficient detail to determine the nature of the place where the act is claimed to have occurred.
Defendant again moves to dismiss the accusatory instrument as defective. As noted above, he also seeks, alternatively, suppression of the statement the People attribute to him. Insofar as dismissal is concerned, and although he notes both that the information specifies that the supporting deposition is one of the sources of the complainant’s information and belief, and that the supporting deposition is, in fact, attached to the accusatory instrument, he urges that because there is no specification that it is attached, the accusatory instrument is somehow defective as premised on hearsay. He further notes that the People have limited themselves to the theory that he committed the act of lewdness in a public place, and he asserts that Hofstra University, a private institution, is not a public place within the meaning of the statute, that the classroom as described in the accusatory instrument is not open to passersby, that the conduct occurred behind a desk “with their backs to *211 the door,” that there is no allegation that “anyone else” observed the conduct, that the accusatory instrument is devoid of information about how much, and for how long it is claimed he exposed himself, and that, therefore, the accusatory instrument fails to contain allegations demonstrating that he committed the crime charged. He also briefly addresses his request concerning suppression of the statement the People attribute to him.
The People in opposition assert that an information need not recite that a supporting deposition is attached, so long as it actually is, and that defendant’s intention to act can be inferred from his conduct, especially when measured against the backdrop of the text messages also annexed to the accusatory instrument. They further assert that the complaining witness attests that she personally observed defendant expose his erect penis, that intent to be observed is not an element of the crime as charged in this case, that the lewdness of defendant’s conduct can also be inferred from what is attested to, that how much exposure there was and the length of time it lasted are not elements of the offense, and, in effect, that although a “private” institution, Hofstra University and the accounting class in question are nonetheless “public” within the meaning of the statute as interpreted by applicable case law and as detailed in this particular accusatory instrument. Finally, although they urge that defendant’s statement was lawfully obtained, they consent to what they call a “Huntley” hearing.
Defendant serves no reply.
It is well-settled that an information is sufficient only if it both provides reasonable cause to believe that the person named in it committed the offense charged, and contains sworn, nonhearsay allegations of fact supporting every element of that offense, and that person’s commission thereof (see CPL 100.15, 100.40 [1]). Concrete, nonhearsay factual allegations are sufficiently supportive of an element of the offense charged if they give rise to a reasonable inference that the named defendant committed that particular element or acted with the requisite mental culpability (see People v Henderson, 92 NY2d 677 [1999]; People v McGee, 204 AD2d 353 [2d Dept 1994]; People v Li, 192 Misc 2d 380 [Nassau Dist Ct 2002]; People v Coyle, 186 Misc 2d 772 [Nassau Dist Ct 2000]), but conclusory statements, unsupported by facts, are inadequate (cf. People v Dumas, 68 NY2d 729 [1986]). An information thus must demonstrate the existence of a prima facie case (People v Henderson), but the *212 prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt (id. at 680). When ruling on the sufficiency of an information, a court must accept the factual allegations as true (cf. People v Casey, 95 NY2d 354 [2000]; People v Henderson), but the court is limited to reviewing the facts as they are set forth in the four corners of the accusatory document (see People v Voelker, 172 Misc 2d 564 [Crim Ct, NY County 1997, Morgenstern, J.]; cf. CPL 100.40 [1]).
Insofar as is here pertinent, a person is guilty of public lewdness “when he or she intentionally exposes the private or intimate parts of his or her body in a lewd manner or commits any other lewd act ... in a public place” (see Penal Law § 245.00 [a]). What constitutes a “public place” is not statutorily defined for this and other “Offenses Against Public Sensibilities” (see Penal Law art 245; see also People v McNamara, 78 NY2d 626 [1991]; cf. Penal Law § 240.00 [1]), but Penal Law article 245 is aimed at “protecting the public—in essence, ‘unsuspecting, unwilling, nonconsenting, innocent, surprised or likely-to-be offended or corrupted types of viewers’—from the sight of offensive activities and materials” (People v McNamara at 631 [citations omitted]). Moreover, privately owned property such as an automobile, can, under properly described circumstances, be a “public place” (see People v McNamara).
Since no one competent to do so verifies or otherwise authenticates the printout of the text messages the People attach to the accusatory instrument, this document adds nothing to the prima facie case requirement (cf. e.g. People v Allison, 21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [Nassau Dist Ct 2008, Engel, J.]). But while the complainant’s attestations are obviously premised on hearsay, defendant’s claim that the accusatory instrument is defective because the information does not specify that the clearly referred to supporting deposition is “attached” is without merit (cf. CPL 100.20, 170.65). Nor is the accusatory instrument defective either because it does not have some of the evidentiary detail defendant mentions (see People v Peterson) or because it contains no allegation that someone besides Ms. Brackman actually saw defendant expose himself (cf. People v McNamara). Ms. Brackman attests to what she directly observed, and she thereby demonstrates prima facie that defendant exposed his private parts, and that he did so in a lewd manner, acts from which his intent to commit them can be inferred (see Matter of Tyrone G., 74 AD3d 671 [1st Dept 2010]; see also People v Bracey, 41 NY2d 296 [1977]). The ques *213 tion in this case thus boils down to whether the People have in the presently pending accusatory instrument demonstrated prima facie that defendant committed this act in a public place. I conclude they have.
I am aware of no authority for defendant’s tacit assertion that no one can commit the crime of public lewdness on a college campus simply because it is privately funded (cf. People v McNamara). Nor am I persuaded by defendant’s tacit argument that since the conduct he is accused of was directed only at Ms. Brackman, there was nothing “public” about it (see Matter of Tyrone G.). Indeed, even if no passerby could see through the window or the window panel, in and beside the closed door Ms. Brackman now describes, and putting aside that she is a member of the public entitled to be protected from the unwanted sight defendant is claimed to have exposed her to, according to the allegations of the accusatory instrument before me, there were some 20 other people—approximately 19 other students and a professor actively teaching and presumably standing in front of the room facing his or her class—who are also members of the public who could have seen and been offended by what it is claimed defendant was doing (see People v Gibble, 2 Misc 3d 510 [Crim Ct, NY County 2003, Jaffe, J.]). I thus conclude that, in addition to establishing prima facie the other elements of the crime defendant is accused of, they have also properly established that the event occurred in a public place. Defendant’s application for an order dismissing the accusatory instrument is accordingly denied.
Since it is relatively easy to meet the threshold for obtaining a hearing to determine whether statements to police are the products of some form of coercion or of custodial interrogation without benefit of Miranda warnings (see CPL 710.60 [3] [b]; People v Mendoza, 82 NY2d 415 [1993]; People v Weaver, 49 NY2d 1012 [1980]; People v Ryan, 8 Misc 3d 1017[A], 2005 NY Slip Op 51132[U] [Nassau Dist Ct 2005]; see People v Grice, 100 NY2d 318 [2003]), the hearing noted above is called for.